IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABBE DANLOVICH, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>CAROLYN W. COLVIN, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 15-196 |

AMBROSE, Senior District Judge

## **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 16). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 17). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting in part and denying in part Plaintiff's Motion for Summary Judgment (ECF No. 11) and denying Defendant's Motion for Summary Judgment. (ECF No. 16).

### I. **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for supplemental security income ("SSI") and for child's insurance benefits pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since July 1, 2007. (ECF No. 7-6, pp. 2, 8). Administrative Law Judge ("ALJ"), David J. Kozma, held a hearing on February 26, 2013. (ECF No. 7-2, pp. 34-69). The ALJ issued an unfavorable decision on April 26, 2013. (ECF No. 7-2, pp. 20-28). After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 11 and 16). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520, 416.920. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Step Two Evaluation of Plaintiff's Fibromyalgia

Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's fibromyalgia at Step Two. (ECF No. 12, pp. 17-20). As a result, Plaintiff argues that the ALJ's evaluation was insufficient and "infected the rest of his sequential evaluation." *Id.* at p. 18. Therefore, Plaintiff submits that remand is warranted. *Id.* After a review of the record, I agree.

At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §416.924(a). An impairment is not severe if it is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations. 20 C.F.R. §416.924(c). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.924(a).

In this case, the ALJ found Plaintiff to have certain severe impairments. (ECF No. 7-2, p. 22. He did not, however, find that Plaintiff's fibromyalgia was severe. *Id.* Typically, when an

ALJ finds at least one impairment to be severe and continues on with the analysis, the failure to find an impairment severe is harmless because the Claimant was not denied benefits at step two. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5  (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012).

The error in this case, however, is not harmless.  The ALJ's discussion of Plaintiff's fibromyalgia was woefully brief.  (ECF No. 7-2, pp. 23-24).  He merely stated that "she was diagnosed with probable fibromyalgia" and that another doctor "considered fibromyalgia a possibility based on the claimant's reported symptoms."  *Id.*  These terse statements are erroneous.  As the Defendant acknowledges (ECF No. 17, p. 4), the medical records clearly indicate that Plaintiff was diagnosed with fibromyalgia in March of 2013.  (ECF No. 7-17, pp. 675-676).  In fact, the state agency doctor acknowledged that Plaintiff had fibromyalgia.  (ECF No. 7-3, p. 10).  *See also,* ECF No. 7-12, p. 69 and No.7-13, p. 6 (assessments of myalgia was made).  Thus, I find that the ALJ's assessment of Plaintiff's fibromyalgia at step two was based on an incorrect evaluation of the evidence of record.

This incorrect assessment carried through the determination and skewed the ALJ's formulation of Plaintiff's residual functional capacity (RFC)[1].  For example, when the ALJ proceeded to determine Plaintiff's RFC, the ALJ stated that "[d]espite the claimant's assertions of experiencing significant pain and weakness, none of the physicians or specialists examining the claimant has been able to find an etiology for her complaints."  (ECF No. 7-2, p. 25).  Again, as stated above, this is simply not a correct statement of the evidence of record. *See,* ECF No. 7-17, pp. 675-676).  Plaintiff was diagnosed with fibromyalgia in March of 2013.  (ECF No. 7-17, pp.

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §§416.945; 404.1527.

675-676. This could very well be the explanation of Plaintiff's pain and weakness. Yet, the ALJ failed to acknowledge this evidence. Based on the same, I find the ALJ's error at step two infiltrated the remaining parts of the sequential analysis and cannot be considered harmless. Therefore, I find that remand on this basis is warranted.

### C. Plaintiff's Credibility

Plaintiff submits that the ALJ also erred in assessing her credibility. (ECF No. 12, pp. 21-24). To be clear, an ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. Since I have found that remand is warranted as it relates to Plaintiff's fibromyalgia, I am instructing the ALJ to reconsider the issue of Plaintiff's credibility.

An ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id.* Moreover, "in cases involving fibromyalgia, …consideration of a plaintiff's subjective complaints [is] given an elevated importance." *McIntire v. Colvin,* No. 3:13-CV-143, 2015 WL 401007, at *41 (N.D. W. Va. Jan. 28, 2015). Thus, on remand, it is incumbent upon the ALJ to be as clear and specific as possible when explaining his judgment of the believability of Plaintiff, as one having been diagnosed with this poorly understood disorder, which has significant subjective components. *See, Henderson v. Astrue,* 887 F. Supp.2d 617, 634 (W.D. Pa. 2012).

Additionally, I note that in support of her position that the ALJ improperly discounted Plaintiff's credibility, Plaintiff points to, *inter alia,* the following statement by the ALJ: "Since the

date she alleges she became disabled in July 2007, she has completed a successful pregnancy in 2009 and given birth to her third son." (ECF No. 12, p. 21, *citing,* ECF No. 7-2, p. 26). Plaintiff contends that it is completely irrelevant that Plaintiff had a successful pregnancy in 2009. (ECF No. 12, p. 23). As such, Plaintiff argues that the ALJ's assessment was distasteful and wholly inappropriate. *Id.* I agree with Plaintiff that the ability to become pregnant and successfully complete a pregnancy has no bearing in this case on whether Plaintiff had a disability. Just because a woman is pregnant does not mean that she is not suffering from an impairment or she does not have limitations (mental, physical or both). Consequently, her ability, as a woman, to become pregnant is irrelevant and should have no negative impact on Plaintiff's credibility. Therefore, on remand, the ALJ should reconsider Plaintiff's credibility without considering the same. [2]

---

[2] Since I am remanding this case, I feel compelled to advise the ALJ to adhere to the following standards when specifically weighing the medical opinions in evidence on remand.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. §§ 416.927(c)(1); 404.1527(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Third Circuit has explained:
"A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.
*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

6

An appropriate order shall follow.

---

Additionally, the ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In other words, the ALJ must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 203-04 (3d Cir. 2008). An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g). *Cotter,* 642 F.2d at 705.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ABBE DANLOVICH, )
)
        Plaintiff, )
)
-vs- )    Civil Action No. 15-196
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 9th day of February, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is granted in part and denied in part and Defendant's Motion for Summary Judgment (Docket No. 16) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

                                          BY THE COURT:

                                          s/ Donetta W. Ambrose
                                          Donetta W. Ambrose
                                          United States Senior District Judge